PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ALFONSO LEÓN JIMÉNEZ, Defendant and Appellant.

No. 6339. Argued January 13, 1937.—Decided January 20, 1937.

R. Díaz Cintrón for appellant. R. A. Gómez, Prosecuting Attorney, and Luis Janer, Assistant Prosecuting Attorney, for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Alfonso León Jiménez was charged with having violated an order of the Public Service Commission, as follows:

"That on October 1, 1935, at 8 a. m., and on Avenida Ponce de León, at stop 18½ in Santurce, in the Municipal Judicial District of San Juan, which forms part of the Judicial District of San Juan, P. R., the aforesaid defendant, Alfonso León Jiménez, then and there, unlawfully, maliciously and knowingly violated the provisions of the final order of the Public Service Commission of October 15, 1932, which had been published by notices in the newspaper 'La Correspondencia de Puerto Rico,' on October 18, 1932, and 'La Democracia' on October 19, 1932, as amended on March 19, 1935, and of Section 95 of the Public Service Act, as amended by Act No. 2 approved May 7, 1927; for the reason that while said defendant drove automobile number P–1113, belonging to him, on Ponce de León Avenue, at stop 18½, which is a public highway, toward Río Piedras, he acted as a public service company on the route from San Juan to Río Piedras by requiring payment of 5 and 10 cents per seat, having picked up the passenger José Mulinelly in San Juan, who got out at stop 18½, paying 5 cents, and having picked up the passenger Evaristo Cruz at stop 15 and having carried him to Río Piedras, collecting 10 cents therefor; all without having therefor a certificate of necessity and convenience or any other valid authority to serve such route, and notwithstanding the fact that such route is served exclusively by the public service company 'White Star Bus Line,' which is the only company authorized to render such service, by franchise granted by the Public Service Commission of Puerto Rico on April 9, 1927 and approved by the Honorable Governor of Puerto Rico on April 12 of the same year."

Found guilty in the municipal court, the defendant appealed to the district court, where a new trial was had as a result of which he was adjudged guilty and ordered to pay a fine of $50 and in default thereof, to be confined to jail one day for each dollar unpaid.

From that judgment he appealed to this Supreme Court. In his brief he assigns two errors which, in his judgment, were committed by the trial court in overruling a certain demurrer presented by him and in finding the evidence offered

by The People sufficient to convict him of the offense with which he was charged.

██ From the transcript it appears that after the witnesses for The People had testified, counsel for the defendant made the following statement:

"I am presenting a demurrer for failure to state sufficient facts. From the face of the complaint it appears that the order of the Public Service Commission was published by notices in La Correspondencia and La Democracia on the dates mentioned in the complaint; but from the face of the complaint it appears that such order was amended, and it does not appear from the face of the complaint that such amendments were published, and in order for them to become effective, they should have been published. For these reasons I ask that the defendant be discharged."

The demurrer was overruled, and in our judgment properly overruled, because in the first place it was too late, and in the second because, since there is no statute requiring that the orders of the commission be published in the newspapers, the fact that the particular order in question provided that it had to be published in the newspapers mentioned, does not necessarily imply that the amendment had to be published in the same manner.

Section 74 of the Public Service Act (Act No. 74, Laws of 1917, Vol. 2, pages 442, 524), provides:

"Section 74.—*Service of Final Orders.*—Every final order of the commission shall be served upon each public-service company affected thereby, in the manner now provided by law for serving a writ of summons upon individuals or corporations; and return of said service shall be made by the person serving said order to the secretary of the commission, in the manner and form now provided by law for making return of the service of a writ or summons; and a certified copy of said order shall be mailed by registered mail to all other parties to the proceedings in which such order is issued, or their respective attorneys; but the failure of any public-service company or of any party to the proceedings to receive such copy shall not prevent the said order from being conclusive, and taking effect on the date specified therein."

So far as the parties have informed us, and so far as we know of our own knowledge, this is the governing provision of law, and there is no other statute or any regulation of the commission requiring publication in the newspapers to give effect to the orders of the commission.

The district court did not, then, commit the first error assigned. Similarly it did not commit the second. We have examined the testimony of Jorge Luis Maldonado, Evaristo Cruz and Alejandro Castillo, have weighed and examined it as a whole, and it is, in our opinion, sufficient to sustain the judgment appealed from.

The appeal must therefore be dismissed and the judgment appealed from affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.